IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JENNIFER LYNN SCHMITZ,

                    Plaintiff,

  v.                                                   OPINION and ORDER

MILESTONE MATERIALS, MATHY
CONSTRUCTION COMPANY, and ALM HOLDING      24-cv-667-jdp
COMPANY,

                    Defendants.

---

Plaintiff Jennifer Lynn Schmitz, proceeding without counsel, alleges that she lost her job because of a back injury that she sustained while working. I take Schmitz to bring a claim for disability discrimination under the Americans with Disabilities Act. Although Schmitz paid the filing fee, I have the authority to screen the complaint before the case proceeds. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). I will dismiss the complaint because it fails to state a claim for which I could grant relief, but I will allow Schmitz to amend the complaint to fix this problem.

ALLEGATIONS OF FACT

The complaint is mostly empty of factual content. Schmitz apparently sustained a back injury while she was working. She also has bowel and urination problems, and a numb right thumb, though it's unclear when these problems arose. Schmitz apparently lost her job because of her back injury, and she suggests that discrimination based on that injury caused this result.

ANALYSIS

Federal Rule of Civil Procedure 8(a) requires a pleading to "contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The primary purpose of Rule 8(a) is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (alteration adopted). This standard does not require "detailed factual allegations," but "naked assertions devoid of further factual enhancement" are not enough. *See Iqbal*, 556 U.S. at 678. A "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Schmitz's allegations don't give defendants fair notice of her claim. The complaint contains almost no factual content. It's not clear on what actions or omissions Schmitz bases her ADA claim. Schmitz refers to some of her exhibits for factual support for her claim. Dkt. 1 at 2. But it is not my role to parse Schmitz's exhibits and construct her claim for her. *Cf. Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996) (stating that, even though the pleadings of litigants proceeding without counsel must be construed generously, "the court is not to become an advocate"). I will dismiss the complaint for failure to state for which I could grant relief.

I will allow Schmitz to amend her complaint to fix that pleading problem. Schmitz must file her amended complaint on the court's nonprisoner complaint form, which it will send her with this order. Schmitz must fill out the form completely. If Schmitz needs more space to allege her claims, she may submit no more than five (5) supplemental pages. Any handwritten

or typewritten text on the form or any supplemental sheet must be large enough and have enough spacing between the lines and in the margins to ensure readability.

In drafting the amended complaint, Schmitz should be mindful that to state a claim for relief, a pleading need only contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Schmitz's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Schmitz should state her allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Schmitz should identify the type of claim that she wishes to assert, but she should omit any legal arguments.

Schmitz's employer is the proper defendant in an employment discrimination action under the ADA, and should be identified by full name in the amended complaint's caption. Schmitz should also identify in the amended complaint's body the employees of her employer who took the actions or omissions on which she bases her claim. In other words, Schmitz must explain in the amended complaint's body what each employee of her employer did, or failed to do, to violate her federal rights. Schmitz should avoid referring to any defendant or its employees collectively.

ORDER

IT IS ORDERED that:

1. Plaintiff Jennifer Lynn Schmitz's complaint, Dkt. 1, is DISMISSED because it fails to state a claim for which I could grant relief.

2. Plaintiff may have until May 22, 2025, to file an amended complaint that fixes the problems identified in this order.

3. If plaintiff fails to comply with this order, I may dismiss the case.

4. If plaintiff moves while this case is pending, she must inform the court of her new address. If she fails to do this and defendants or the court cannot locate her, this case may be dismissed.

5. The clerk of court is directed to send plaintiff a copy of the court's nonprisoner complaint package.

Entered April 22, 2025.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge