IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JENNIFER LYNN SCHMITZ,

                Plaintiff,

  v.

MILESTONE MATERIALS,
MATHY CONSTRUCTION COMPANY,
and ALM HOLDING COMPANY,

                Defendants.

ORDER

24-cv-667-jdp

---

    Plaintiff Jennifer Lynn Schmitz is proceeding against defendants, her former employers, on a Title VII gender discrimination claim for damages. Dkt. 5. She seeks an order to preserve the contents of a tablet an administrative law judge (ALJ) with the Wisconsin Department of Workforce Development has ordered her to return to defendants. Dkt. 10.

    I will deny the motion. In addition to this lawsuit, plaintiff is pursuing a discrimination charge against defendant Milestone Minerals with the United States Equal Opportunities Commission and with the Equal Rights Division of the Wisconsin Department of Workforce Development (ERD). Dkt. 13-1 & Dkt. 13-2. Plaintiff appealed from the ERD's February 25, 2025, initial determination that there is no probable cause to believe Milestone Materials violated her rights, and the parties have been engaged in discovery. Dkt. 13-3 & Dkt. 13-4.

    Milestone Materials filed two motions to compel, including a request that plaintiff return a tablet that belongs to Milestone. Dkt. 13-4 at 11. Plaintiff contends that the tablet contains evidence related to her discrimination complaint and worker's compensation case. In response to the second motion to compel, the state ALJ explained to plaintiff that the tablet was not her property and needed to be returned by October 9, 2025, and that plaintiff must

not delete any documents from the tablet. Dkt. 13-5 at 2. But, the ALJ continued, plaintiff could copy to another device all documents on the tablet that are personal documents, or that relate to her discrimination complaint or to her workers' compensation case. *Id*.

Plaintiff, faced with the ALJ's deadline, filed a motion in this court asking for an order ensuring that "the information on the company tablet" is not "manipulated" after it is returned. Dkt. 10. But plaintiff cannot seek relief from the ALJ's discovery order issued in her state administrative proceeding in this federal court. That is because the discovery order does not dispose of plaintiff's claims and is thus not a final, appealable order. *See* Wis. Admin. Code § DWD 218.21 ("Only final decisions and orders of the administrative law judge may be appealed. A final decision is one that disposes of the entire complaint and leaves no further proceedings on that complaint pending before the division.") But even if it was, the order would have to be appealed to the Wisconsin Labor and Industry Review Commission, not this court. Wis. Admin. Code § DWD 218.21 ("Any party may file a written petition for review of a final decision and order of the administrative law judge by the labor and industry review commission").

Plaintiff's requested order is also unnecessary. The ALJ permitted plaintiff to copy all her personal documents and documents relevant to her claims from the tablet before returning it, so there is no concern that documents on the tablet will be withheld from her. And defense counsel has expectedly stated that they are "well-aware of obligations regarding evidence preservation and the prohibition against spoliation," Dkt. 12 at 3, so there is no need for the court to remind them. *See Bracey v. Grondin*, 712 F.3d 1012, 1018–1020 (7th Cir. 2013) (discussing an adverse inference instruction as a spoliation sanction).

I note for plaintiff's benefit that discovery is closed in this case until the court holds a preliminary pretrial conference before a magistrate judge. The conference will be scheduled once all defendants have been served and have appeared and answered or otherwise responded to plaintiff's complaint. At the conference, the magistrate judge will set the case schedule and discuss with plaintiff how she can use the discovery process to obtain information and materials in support of her claim. This will be plaintiff's opportunity to ask questions and raise any initial concerns. After the conference, plaintiff will receive a copy of the scheduling order and guidance on the court's applicable policies and procedures.

ORDER

IT IS ORDERED that plaintiff Jennifer Lynn Schmitz's motion to preserve information on defendant Milestone Materials' tablet, Dkt. 10, is DENIED.

Entered October 28, 2025.

BY THE COURT:

/s/
_____
ANITA MARIE BOOR
Magistrate Judge