IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JENNIFER LYNN SCHMITZ,

                        Plaintiff,

        v.

                                                              OPINION and ORDER

MILESTONE MATERIALS, MATHY
CONSTRUCTION COMPANY, and ALM HOLDING          24-cv-667-jdp
COMPANY,

                        Defendant.

---

Plaintiff Jennifer Lynn Schmitz, proceeding without counsel, alleges that she was discharged from her job at defendant Milestone Materials, a division of defendant Mathy Construction Company, based on her gender. Schmitz is proceeding on a gender discrimination claim for damages under Title VII of the Civil Rights Act of 1964.

Defendant ALM Holding Company, which holds Mathy Construction according to Schmitz, moves to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) based on failure to exhaust administrative remedies. Dkt. 23. ALM Holding Company contends that Schmitz failed to name it as a respondent in her charge of discrimination filed with the Equal Employment Opportunity Commission (EEOC). I will grant the motion, dismiss without prejudice Schmitz's claim against ALM Holding Company, and remove it from the case.

ANALYSIS

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). When ruling on a Rule 12(b)(6) motion to

dismiss, courts may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Specifically, courts may consider a defense that a plaintiff has failed to exhaust administrative remedies under Rule 12(b)(6) when an EEOC charge incorporated into the complaint by reference shows that the plaintiff did not meet the exhaustion requirement. *See Williams v. City of Chicago*, 616 F. Supp. 3d 808, 814 n.2 (N.D. Ill. 2022); *Hale v. Bd. of Trs. of S. Ill. Univ. Sch. of Med.*, 219 F. Supp. 3d 860, 864–65 (C.D. Ill. 2016). An amended complaint supersedes the original complaint and becomes the controlling pleading in the case. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999).

Before bringing suit under Title VII, a party must file a charge of discrimination with the EEOC, and a party not named as a respondent in the charge ordinarily may not be sued in a private civil action under Title VII. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013). "This requirement gives the employer some warning of the conduct about which the employee is aggrieved and affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Id.* An exception to this rule applies when an unnamed party has adequate notice of the charge and an opportunity to participate in conciliation proceedings aimed at voluntary compliance. *Id.* If an employer's parent company was not named in an EEOC charge and did not have an opportunity to conciliate on its own behalf, the plaintiff's Title VII claims against the parent company must be dismissed, even if the parent company received notice of the charge against the employer. *See id.* at 667; *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir. 1989).

Schmitz's EEOC charge, which is incorporated by reference into the amended complaint, fails to name ALM Holding Company as a respondent. *See* Dkt. 1-3 at 1; Dkt. 4 at 1; Dkt. 13-1 at 1. Even if ALM Holding Company received notice of Schmitz's charge, she

2

hasn't pleaded any facts plausibly suggesting that ALM Holding Company had an opportunity to participate in conciliation proceedings on its own behalf. *See* Dkt. 4. Nor do the documents incorporated by reference into the amended complaint indicate that ALM had that opportunity. *See* the attachments to Dkt. 1; Dkt. 4 at 1. Along similar lines, in her brief in opposition, Schmitz does not dispute ALM Holding Company's contention that it failed to receive an opportunity to conciliate on its own behalf. *See* Dkt. 29. Accordingly, I will grant the motion, dismiss Schmitz's gender discrimination claim against ALM Holding Company, and remove it from the case.

## ORDER

IT IS ORDERED that:

1. Defendant ALM Holding Company's motion to dismiss, Dkt. 22, is GRANTED.

2. Plaintiff Jennifer Lynn Schmitz's Title VII gender discrimination claim against ALM Holding Company is DISMISSED without prejudice.

3. ALM Holding Company is to be removed from the case.

Entered April 1, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3