IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JENNIFER LYNN SCHMITZ,

Plaintiff,

v.

MILESTONE MATERIALS and MATHY CONSTRUCTION CO.,

Defendants.

OPINION and ORDER

24-cv-667-jdp

---

In her amended complaint, plaintiff Jennifer Lynn Schmitz alleges that she was discharged from her job after injuring her back and leg while working. I allowed Schmitz to proceed against her former employers, defendants Milestone Materials and Mathy Construction Company, on a gender discrimination claim under Title VII of the Civil Rights Act of 1964. Dkt. 5.

Discovery hasn't gone smoothly, and the blame belongs to Schmitz. Among other failures, Schmitz failed to attend her properly noticed deposition. And her absence at the deposition is part of a broader pattern of disregarding court orders and other litigation obligations. Defendants move to dismiss the case based on Schmitz's failure to attend her deposition and her noncompliance with other court orders. Dkt. 51. For reasons explained in this opinion and order, the court finds that Schmitz has engaged in bad-faith litigation conduct that warrants dismissal. I will grant the motion and dismiss the case with prejudice.

## BACKGROUND

During discovery, defendants served a first set of interrogatories, requests for document production, and requests to admit on Schmitz. *See* Dkt. 39 ¶ 2; Dkt. 39-1. Schmitz did not

respond to defendants' first set of discovery requests within 30 days, as the Federal Rules of Civil Procedure require. *See* Dkt. 39 ¶ 3; Dkt. 39-2; *see also* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), 36(a)(3). Schmitz then sought court permission to refrain from answering these requests. Dkt. 34. Schmitz failed to show any basis for that relief, and the court denied her motion. Dkt. 43. Because Schmitz is proceeding without counsel, the court gave her the benefit of the doubt and extended the deadline for her answer these requests to mid-June 2026. *See id.*

In early July 2026, defendants moved to compel. Dkt. 46. Defendants said that Schmitz's responses to their first set of discovery requests were deficient because she: (1) refused to answer some interrogatories and gave nonresponsive answers to others; (2) refused to respond to requests for production; and (3) failed to answer some requests for admission. *Id.* at 2–3. Defendants also said that Schmitz had rebuffed their efforts to meet and confer with her about the discovery deficiencies by: (1) prohibiting defense counsel from emailing her; (2) failing to return counsel's letters and phone calls. *Id.* at 3–4.

The magistrate judge scheduled a telephonic motion hearing for July 17, 2026, directing Schmitz to file a response to the motion two days before the hearing. Dkt. 49. Schmitz did not respond to the motion or appear at the hearing, so the magistrate judge granted the motion to compel as unopposed. *See* Dkt. 50. The magistrate judge noted "accumulating datapoints that [Schmitz was] not engaging with this case or attending to her discovery obligations." *See id.* Counsel made an oral motion to dismiss for failure to prosecute. *See id.* Because that matter was dispositive, the magistrate judge said that I would rule on the oral motion. *See id.*

In a written order issued after the hearing, the magistrate judge instructed Schmitz to file a response in which she explained, by July 24, 2026, her lack of participation in the case and failure to appear at the motion hearing. *Id.* The magistrate judge also noted that defendants

had scheduled Schmitz's deposition for July 20, 2026, and the magistrate judge stated that her rulings following the hearing did not affect that scheduling. *See id.*

Schmitz failed to attend her July 20 deposition. On that date, defendants moved to dismiss the case based on her failure to attend the deposition and noncompliance with court orders. Dkt. 51.

The next day, Schmitz moved for a protective order, contending that the deposition's location, the office of defense counsel, was inappropriate. *See* Dkt. 54. The court denied the motion for procedural and substantive reasons. Dkt. 55. Procedurally, the motion was untimely, and Schmitz failed to certify that she attempted in good faith to confer with defense counsel to resolve her objections before she brought it. *Id.* Substantively, Schmitz failed to provide a good reason for a protective order. *Id.* The court reminded Schmitz that her response to the show cause order was due July 24, 2026. *Id.*

On July 28, 2026, Schmitz filed a combined response to the show cause order and defendants' written motion to dismiss. *See* Dkt. 56. Schmitz contends that she did not receive notice of the July 17 motion hearing in enough time to participate, and that she wasn't required to attend the deposition because the location was inappropriate. *See id.*

## ANALYSIS

A district court may dismiss a case as a sanction if a party fails to attend a deposition after being served with proper notice. *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) (citing Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(l)(A)(i)). The court must find that the party's actions "displayed willfulness, bad faith, or fault." *Id.* Dismissal "must be proportionate to the circumstances." *Id.*

"A district court may [also] impose sanctions under its inherent authority where a party has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018). "The court must first make a finding of bad faith, designed to obstruct the judicial process, or a violation of a court order." *Id.* The court need not explore the appropriateness of lesser sanctions if the circumstances justify dismissal. *See id.* at 464, 468.

The record shows that Schmitz willfully failed to attend the July 20 deposition. Counsel says that she served notice of the deposition on Schmitz about a month earlier, and her evidence supports this statement. *See* Dkt. 47-5; Dkt. 52 ¶ 3. Schmitz does not directly dispute that counsel scheduled the deposition for that date, or that she received adequate notice of the deposition. *See* Dkt. 56. Schmitz's primary contention is that she wasn't required to attend the deposition because its location was inappropriate. But Schmitz's objections to the location, which are the same reasons for which she sought a protective order, lack merit. *See* Dkt. 55. Schmitz hasn't provided even a good-faith reason for refusing to attend her deposition. *See id.*; *cf. Collins*, 554 F.3d at 697 (affirming dismissal of case as discovery sanction partly because plaintiff gave no legitimate reason for walking out of her deposition). And although counsel noticed the deposition on June 22, 2026, Schmitz waited until the day after the deposition to seek a protective order. Schmitz hasn't explained why she failed to seek that relief sooner. Schmitz's bad-faith refusal to attend her deposition, together with her unexplained delay in seeking a protective order, shows willful disregard of the discovery process and the litigation more generally.

Dismissal with prejudice is the appropriate sanction here. Schmitz's fault for the breakdown in discovery goes beyond her bad-faith failure to attend her deposition. As in *Collins*,

"[t]he record also reveals a pattern of disregard for discovery rules including a failure to timely answer interrogatories and supply documents." *See id.* Schmitz failed to respond on time to defendants' first set of discovery requests. Schmitz then filed a wholly baseless motion to refrain from answering them. Schmitz later responded to defendants' first set of discovery requests, but her responses were deficient, requiring defendants to move to compel. Schmitz suggests that she has finally cured her failures to provide complete discovery responses, but that's far from clear from the record. *See* Dkt. 58-2.

There is additional evidence of Schmitz's obstructive litigation, including willful disregard of court orders. Schmitz did not, as instructed, respond to defendants' motion to compel or attend the July 17 motion hearing. Schmitz says that she failed to receive timely notice of the hearing, but her evidence doesn't support this statement. *See* Dkt. 56. In fact, it shows that she received the court's order. *See* Dkt. 56-3 at 1. Schmitz has had the same mailing address this entire case, and the record shows that she has received timely notice of several court orders sent to that address. For instance, Schmitz amended the original complaint in response to a court order, and she attended the telephonic preliminary pretrial conference. Also, while Schmitz ultimately responded to the magistrate judge's show cause order, she filed the response four days after the July 24 deadline without explaining that delay either.

Compliance with the court's orders and proper discovery requests is obligatory even though Schmitz is proceeding without counsel. *See Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996) (stating that litigants proceeding without counsel "are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines"). The record shows that Schmitz wants to pick and choose how she will participate in this case. This tactic has stymied discovery, disrupted the litigation, and deprived defendants of critical evidence. *Cf. Collins*, 554

F.3d at 697 (affirming dismissal of case as discovery sanction where, as here, the plaintiff's complaint was vague and therefore deposing her was necessary to proceed). Schmitz has willfully violated court orders and obstructed the litigation process, which includes her bad-faith failure to attend her deposition and comply with other discovery obligations. Accordingly, I will dismiss this case with prejudice as a sanction pursuant to both Rule 37 and the court's inherent authority.

ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 51, is GRANTED. This case is DISMISSED with prejudice as a discovery sanction and as a sanction for plaintiff's bad-faith litigation conduct.
2. Defendants' oral motion to dismiss for failure to prosecute is DENIED as moot.
3. The clerk of court is directed to enter judgment and close the case.

Entered August 24, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge